UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Washington, # 257151, | ) C/A No.: 9:11-148-JFA-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Leroy Cartledge, | ) |
| Respondent, | ) |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the McCormick Correctional Institution, a facility run by the South Carolina Department of Corrections, where he is serving a life sentence for a 1999 conviction for armed robbery. In the instant petition, petitioner claims, *inter alia*, that the state trial court erred in denying defense counsel's motion to quash the indictment and/or suppress the items seized due to an untimely served arrest warrant, and for erroneous jury instructions. Petitioner asks this Court to vacate his sentence and grant him a new trial.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712



F.2d 70 (4th Cir. 1983). As the Plaintiff is proceeding *pro se*, this court is required to liberally construe his pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even when considered under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner has previously challenged this same conviction and sentence in this Court. *See Washington v. Rushton, et al*, Civil Action No.:0:05-2394-GRA-BM. This Court may take judicial notice of its own files and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Summary judgment for the respondents was granted in that case, and as a result the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996).

Furthermore, leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. There is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Therefore, before the petitioner attempts to file another petition in the United States



District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.*

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return*. *See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656

---

**See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

> (B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. —Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:
>
>> "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>>
>> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>>> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>> "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>>
>> "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>>
>> "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>>
>> "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>>
>> "(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>>
>> "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>>
>> "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".



(4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Bristow Marchant
United States Magistrate Judge

February 8, 2011
Charleston, South Carolina

***The petitioner's attention is directed to the important NOTICE on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

