UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Washington, ) | C/A No. 9:11-148-JFA-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, William Washington, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The petition has not been served and no response has been filed.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the petitioner has previously challenged this same conviction and sentence in this court (*Washington v. Rushton*, C/A No. 0:05-2394-GRA-BM) and summary judgment was granted to the respondent. As a result, the Magistrate Judge suggests that this petition is subject to dismissal as successive under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245 (4th Cir. 1985). The Report sets forth

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on February 8, 2011. On February 14, 2011, the petitioner filed a letter requesting that he be allowed to voluntarily dismiss this petition to seek authorization from the Fourth Circuit Court of Appeals to file a second or successive petition. Such authorization is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions.

This habeas action is subject to the Rules Governing Section 2254 Cases (Habeas) pursuant to Rule 1(b). Habeas Rule 11 provides that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Under Rule 41(a) of the Federal Rules of Civil Procedure, a litigant instigating an action may dismiss the action, without court order, by filing a notice of dismissal at any time prior to service. Thus, the petitioner may voluntarily dismiss his case.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

To the extent that petitioner seeks a certificate of appealability from this court, his request is denied. Here, the court has allowed the petitioner to voluntarily dismiss this action and the court has not considered or ruled on any merits of the petitioner's claims of constitutional violations.

IT IS SO ORDERED.

February 24, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3